# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL JOSEPH MCDOWALL,<br>   Plaintiff, | Case No. 1:14-cv-780 |
| vs. | Beckwith, J.<br>Bowman, M.J. |
| COLE DISTEL, et al.,<br>   Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action against defendants Cole Distel, Dave Rogers, Berlin Butterbaugh, Phillip Crabtree, Brian Crabtree, Warden, and William Cool. Plaintiff has paid the full filing fee. This matter is now before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th


Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265,

2

286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this action against defendants under 42 U.S.C. § 1983. In the complaint, plaintiff alleges that on September 14, 2014 he was meditating on his bed in his cell. (Complaint 5, Doc. 1 at PageID 5). According to plaintiff, the television in front of his cell was turned on for the express purpose of annoying him. He claims the same ninety second segment was played repetitively for an hour and a half. Plaintiff further alleges that his water was shut off. After initially asking defendant Officer Butterbaugh to turn off the television and turn his water back on, plaintiff made the same requests to defendant Officer Distel. Distel, plaintiff alleges, responded by spraying him in the eye with pepper spray. As a result of the incident plaintiff alleges that he is partially blind in his left eye.

A conduct report followed, charging plaintiff with attempting to spit on Distel. Plaintiff argues that the conduct report was false. He claims the whole incident was manufactured by defendants Distel, Rogers, Butterbaugh, Phillip and Brian Crabtree, and Cole because of a lawsuit plaintiff filed in the state court in Franklin County, Ohio. (*Id.* at PageID 6).

For relief, plaintiff seeks $20,000,000 for breach of contract and copyright against each

3

defendant. Plaintiff also seeks monetary damages under the Eighth Amendment.

Liberally construed, plaintiff has stated an Eighth Amendment claim for excessive force against defendant Distel. *See Hudson v. McMillian*, 501 U.S. 1, 7 (1992). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's remaining claims must be dismissed. First, plaintiff has listed "Warden" as a defendant in this matter but includes no factual allegations against the Warden. This claim is subject to dismissal because it appears to be based on a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff's claims against the Warden appear to be based on the Warden's supervisory position. The mere fact that this defendant holds a supervisory position is not enough to impose liability on them under section 1983.

Finally, to the extent that plaintiff has alleged that all defendants conspired to falsely manufacture the incident report, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,*

4

409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, construing the complaint liberally, plaintiff's factual allegations are insufficient to suggest that the defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right. Plaintiff includes no allegations of any action taken by defendants that would enable the Court to reasonably infer that defendants conspired against him. Furthermore, upon review of the Franklin County Clerk of Courts online records, it does not appear that the named defendants in this action have anything to do with the lawsuit filed in state court such that the Court could infer retaliation on the part of defendants.[1] Plaintiff's vague, unsubstantiated and conclusory claim based on a conspiracy theory lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983.

Accordingly, in sum, plaintiff has stated a claim for relief under the Eighth Amendment for excessive force against defendant Distel. Having found that plaintiff has failed to state a claim for relief against the remaining defendants, these claims should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendants Rogers, Butterbaugh, Phillip Crabtree, Brian Crabtree, Warden, and Cool be **DISMISSED**.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff serve a summons and copy of the complaint on defendant Distel. Because plaintiff paid the filing fee in this matter and is not proceeding in *forma pauperis,* he is responsible for serving the complaint on defendant in compliance with the Federal Rules of Civil Procedure.

---

1 Available at http://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ under Case No. 13-cv-000091.

*See* Fed. R. Civ. P. 4. Failure to comply with the terms of this order shall result in a report and recommendation to the District Court that plaintiff's claims against defendant be dismissed for lack of service. Any questions regarding service should be directed to the Clerk of Court.

Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

     *s/ Stephanie K. Bowman*
     Stephanie K. Bowman
     United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL JOSEPH MCDOWALL,<br>    Plaintiff, | Case No. 1:14-cv-780 |
| vs. | Beckwith, J.<br>Bowman, M.J. |
| COLE DISTEL, et al.,<br>    Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).