UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL JOSEPH MCDOWALL,

    Plaintiff,

    v.

COLE DISTEL, et al.,

    Defendants.

Case No. 1:14-cv-780

Beckwith, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

### I. Background[1]

Plaintiff, who is proceeding *pro se*, brings this action against defendants under 42 U.S.C. § 1983. As a *pro se* prisoner civil rights case, this case was automatically referred to the undersigned magistrate judge for initial screening, and continues to be referred for Reports and Recommendations on any dispositive motions. A number of claims and defendants were dismissed on initial screening pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A, but a single claim against Officer Cole Distel was permitted to proceed. Despite initiating suit more than a year ago, on October 3, 2014, Plaintiff has yet to achieve service of his complaint upon Defendant Distel.

In the portion of his original complaint that was deemed to state a non-frivolous claim, plaintiff alleged that on September 14, 2014 he was meditating on his bed in his cell at the Southern Ohio Correctional Facility. (Complaint 5, Doc. 1). According to

---

[1] The same background previously was first set forth in a Memorandum Order and a Report and Recommendation filed on August 31, 2015, and was reiterated in this Court's last Order of October 8, 2015.

Plaintiff, the television in front of his cell was turned on for the express purpose of annoying him. He claimed the same ninety second segment was played repetitively for an hour and a half. Plaintiff alleged that his water was shut off, and that he asked Officer Distel to turn off the television and turn his water back on. Plaintiff alleged that Distel responded by spraying him in the eye with pepper spray. As a result of the incident Plaintiff alleged that he is partially blind in his left eye. A conduct report followed, charging Plaintiff with attempting to spit on Distel. Plaintiff alleged that the conduct report was false.

Plaintiff paid the full filing fee for his case on November 6, 2014. On December 5, 2014, the undersigned filed a Report and Recommendation ("R&R") recommending that most claims and defendants be dismissed, but that Plaintiff's Eighth Amendment claim against Defendant Distel be permitted to proceed. (Doc. 15). On January 2, 2015, the presiding district judge adopted the R&R and directed Plaintiff to serve Defendant Officer Distel. (Doc. 20). Because Plaintiff does not proceed *in forma pauperis*, a summons form was issued to Plaintiff on December 5, 2014 for the purpose of fulfilling his duty to serve Defendant Distel.

Plaintiff subsequently filed motions claiming to have made a good faith attempt to serve Defendant Distal through the institutional prison mail service. On March 12, 2015, the undersigned initially directed Defendant Distal to show cause for his failure to answer or otherwise appear. (Doc. 23). However, after the State of Ohio entered a limited appearance as an interested party and alerted the Court to several procedural defects with Plaintiff's pleadings (all of which Plaintiff had signed as "secured party" in lieu of his name), the Court withdrew the prior "show cause" portion of its order, struck a

2

plethora of improper motions filed by Plaintiff, and explained that Plaintiff would be required to file a properly signed, amended complaint, or risk dismissal of this lawsuit:

> The Court has confirmed that Plaintiff has failed to sign his name on any of the pleadings in this case. In addition, many fail to contain a certificate of service as is required by S.D. Ohio Civ. R. 5.2. Therefore, every pleading filed by Plaintiff, with the exception of the complaint, will be stricken from the docket in this case.
>
> As to the complaint, Plaintiff is hereby given 30 days from the date of this order to file an amended complaint that bears his signature. Plaintiff may also amend the claims in his complaint to include any additional claims or add any additional parties. Any amended complaint that is filed will be reviewed *sua sponte* by this Court to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. 1915A(b). Should Plaintiff not timely file an amended complaint or seek an extension to do so, this Court will recommend that this matter be dismissed for failing to properly sign the complaint and for failing to properly serve the Defendant.

(Doc. 47). Notwithstanding that May 4, 2015 Order, Plaintiff filed two more improperly "secured party" documents that were stricken for the same reasons. (Docs. 48, 49, 51). Eventually, Plaintiff began to affix a signature of sorts, by signing simply "McDowall," and elsewhere "McDowall" with a copyright mark on documents filed of record. The undersigned previously ruled that that she would accept the handwritten signature of "McDowall" as Plaintiff's legal signature.[2]

Between May 11, 2015 and August 10, 2015, Plaintiff filed five motions to amend his complaint. While most of those motions were denied in full, one of Plaintiff's motions to amend was partially granted "only to the limited extent of amending the date of the

---

[2] As the Court pointed out in the July 27 Order overruling Plaintiff's objections to the undersigned's May 4, 2015 Order, Plaintiff "claims that he has a common law 'identity copyright' that should be a legally acceptable substitute for his signature." (Doc. 60). Judge Beckwith described Plaintiff's arguments as "utterly frivolous." (*Id.*).

3

Distel pepper-spraying incident to September 12, 2014." (Doc. 68, adopted at Doc. 70). Plaintiff filed seven additional motions, all of which were denied, as well as several "Notices" which the undersigned found to require no action from the Court. (See Doc. 67-68, citing Docs. 53, 55).

The Court's August 31, 2015 Memorandum Order attempted to curb Plaintiff's tendency to file "an inordinate number of documents in the record," while acknowledging that "Plaintiff is a pro se prisoner who may not fully comprehend the burden he has been placing upon this Court," and whose "more nonsensical and/or delusional filings suggest at least the possibility of mental illness, which can add to the difficulty of an individual pro se litigant pursuing his claims in a reasonable fashion." (*Id.*).

Time continues to pass with multiple delays "caused by Plaintiff's endless filings," (*id.*), and with the record still reflecting a lack of proper service on the lone Defendant. The Court's August 31, 2015 Order provided Plaintiff until September 30, 2015 to perfect service. When that deadline expired and Plaintiff still failed to effect proper service, the undersigned gave Plaintiff one final opportunity to remedy the clear defects in service, by issuing an "Order to Show Cause" on October 8, 2015. The October 28, 2015 deadline set by that October 8, 2015 Order also has now expired and Plaintiff has utterly failed – indeed refused – to comply with this Court's Orders directing him to properly serve the lone Defendant. Having given Plaintiff an extraordinary amount of time and number of attempts to remedy the defective service, the undersigned now recommends dismissal of Plaintiff's case for failure to prosecute.

**II. Analysis of Plaintiff's Defective Attempts to Serve Defendant Distel[3]**

In the Court's August 31, 2015 Order, the undersigned provided a lengthy and detailed analysis of the defect in service, as well as very explicit instructions to Plaintiff on how to achieve proper service.

> [T]he State of Ohio moved to dismiss all claims against Defendant Distel based upon insufficiency of service…. In addition to citing the lack of proof of service of the complaint…, the State argued that Plaintiff had failed to complete service within 120 days of the filing of his complaint….The State further argued that this Court should not extend that time limit because Plaintiff had failed to show good cause for his inadequate service….Finally, the State argued that under Rule 4(c), a party may not be the person who makes service, meaning that Plaintiff himself cannot properly effect service by "kite," or by dropping a filled-out summons and copy of the complaint into the institutional mail. (Doc. 24 at 6-7). Rather, Rule 4 requires that service be made by [in this case]…the Clerk sending the summons and complaint by certified mail. Fed.R.Civ. P. 4(c)(3) and (e); S.D. Ohio Civ. R. 4.2. (*Id.*).
>
> …Plaintiff does not proceed *in forma pauperis*…. To that extent, he is not entitled to free service…by [the] U.S. Marshal. The Defendant … does not waive service. …[T]he facts presented …make clear that Local Rule 4.2 and Ohio law provide the best means of service on Defendant Distel.
>
> This Court previously considered a factually similar case in which the plaintiff was a pro se prisoner who had paid the full filing fee, and who sought to achieve service through the prison mailing system rather than through the Clerk of Court in compliance with LR 4.2. Because the Court's analysis in *Becker v. Warden Ross Correctional Institution,* Case NO. 2:05-cv-908, 2006 WL 2869567 (S.D. Ohio Oct. 5, 2006), cannot be improved upon, it is adopted in its entirety as set forth below:
>
>> Local Rule 4.2 provides that a party who desires to serve defendants by certified mail shall address and prepare the envelopes for mailing, and then deliver the same to the District Court Clerk who shall cause them to be mailed. S.D. Ohio Civ. R. 4.2. Local Rule 4.2(a) goes on to require that the name of the sender on the back of the PS Form 3811 (the "green card") shall show: "Clerk, United

---

[3]An identical analysis section was included in the Court's October 8, 2015 "Order to Show Cause," which provided Plaintiff with one <u>final</u> attempt to comply with this Court's Orders instructing him on how to serve Defendant Distel.

States District Court, Southern District of Ohio" at the appropriate address. *Id.* The Rule then requires the Clerk to enter the fact of mailing on the docket and make a similar entry when the return receipt is received. S.D. Ohio Civ. R. 4.2.(b). Additionally, the Clerk holds certain notification responsibilities in the event of failure of delivery. S.D. Ohio Civ. R. 4.2.(c).

…Instead of following the requirements of the Local Rule, however, …plaintiff attempted to serve defendants by certified mail independently and without involvement of the Clerk. *Id.* As this Court recently instructed a prisoner in a similar case:

> According to Local Rule 4.2, [the plaintiff] should have affixed to the back of the envelope the domestic return receipt card, PS Form 3811 showing the name of sender as 'Clerk, United States District Court, Southern District of Ohio' instead of himself. Under Local Rule 4.2(b), the Clerk of Court is required to enter the fact of mailing on the docket and make a similar entry when the return receipt is received.
>
> Here, since [the plaintiff] did not proceed in accordance with Local Rule 4.2, the Clerk of Court did not enter on the docket the fact of mailing or when the return receipt was received. Consequently, [the plaintiff] failed to serve the Defendants in compliance with Local Rule 4.2.

*Carter v. Hurley,* Case No. 2:05-cv-807, Slip op. (S.D.Ohio Nov. 8, 2005) (J. Sargus).

Similarly, plaintiff in this case failed to properly serve defendants. However, this conclusion does not end the Court's inquiry. Before dismissal…, Fed.R.Civ.P. 4(m) requires the undertaking of a two-part analysis.

First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court *shall* extend the time for service for an appropriate period."Fed.R.Civ.P. 4(m) (emphasis added).

Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. *See id.* In other words, the court has discretion to permit late service even absent a showing of good cause. …

6

> *Osborne v. First Union Nat'l Bank of Delaware,* 217 F.R.D. 405, 408 (S.D.Ohio 2003)….
>
> Thus, the proper procedure …is for this Court to determine if plaintiff has demonstrated good cause for his failure to properly effectuate service…. If it concludes that plaintiff has not, the Court must then decide whether to exercise its discretion and allow the case to proceed. The Court notes at the outset that its analysis is tempered by the "strong preference that claims be adjudicated on their merits." *Coleman v. Shoney's, Inc.,* 79 Fed. Appx. 155, 157 (6th Cir.2003) (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991)).
>
> *Becker*, Doc. 28, 2006 WL 2869567, at *2-3; *see also Hebert v. R.U.O. Roark*, Civil Action No. 05-cv-74754, 2007 WL 2324923 (E.D. Mich. 2007)(plaintiff's sending documents to prison administration could not effect service). In *Becker*, the Court noted that neither the plaintiff's pro se status nor his argument that he had effected service to the best of his "ability and means, as an incarcerated person," constituted "good cause for failure to properly effectuate service." *Id.* at 3. The undersigned concurs that on the record presented, Plaintiff McDowall has failed to show good cause for his prior failure to effectuate service in accordance with Federal Rule of Civil Procedure 4, or Local Rule 4.2, within 120 days of the date he filed his complaint last October.

(Doc. 67 at 9-11, Memorandum Order of 8/31/15).

The August 31, 2015 Order also reflected an exercise of the Court's discretion to find "in favor of granting Plaintiff an additional extension of time in which to properly serve the summons and complaint (as amended) on Defendant Distel." (*Id.*). Nevertheless, the Court strongly warned Plaintiff in August that should he "fail to achieve service within the extension granted *sua sponte* by this Order, the undersigned will not hesitate to recommend dismissal," citing as authority a dismissal on similar facts in *Becker, supra,* that was affirmed by the Sixth Circuit. The undersigned included the following instructions to Plaintiff:

> In order to properly complete service of the summons and complaint (both of which must be returned to the Office of the Clerk of Court for service on Defendant Distel), Plaintiff should include the full name of Defendant

7

> Distel, any occupational title, and his work address at the prison, thereby clearly indicating that he is to be served at his work address.

(Doc. 67 at 12). Additionally, the undersigned directed the Clerk to transmit to Plaintiff a new blank summons form, which directive was completed the date the Order was filed, on August 31, 2015. The Court ordered Plaintiff to complete service:

> Plaintiff is solely responsible for service of a new summons with copies of his original complaint and the only "amendment" that has been partially permitted by the R&R filed this same date, amending Plaintiff's signature on the complaint and the date of the incident involving Defendant Distel. (Docs. 1, 63). Plaintiff is DIRECTED to effect proper service of process in conformity with S.D Ohio R. 4.2 and this Order, on or before **September 30, 2015,** regardless of any objections he may file to this Order or the R&R filed this same day. <u>Plaintiff is cautioned that by this Order and accompanying R&R, and the Court's prior Order permitting Plaintiff to file an amended complaint, the Court has exercised **considerable discretion and been extremely lenient** with Plaintiff in substantially extending the original 120 day time period for service under Rule 4(m). Therefore, failure to strictly and properly effectuate service as set forth herein is likely to result in the recommended dismissal of this action</u>.

(Doc. 67 at 12-13, ¶2, emphasis original). On September 14, 2015, Plaintiff filed a summons "unissued" as to Cole Distel with "Proof of Service completed" by Plaintiff. Once again, Plaintiff's completion of the summons form improperly reflected service by Plaintiff himself (not the Clerk of Court) through institutional mail service rather than through the methods specified by S.D. Ohio Rule 4.2 and the Court's last Order.[4] Under "Proof of Service," Plaintiff represented that he "personally" served the summons

---

[4] The summons form returned to the Clerk by Plaintiff did not include a properly addressed and prepared envelope that the Clerk of Court could cause to be mailed by certified mail, pursuant to Local Rule 4.2, which preparation was required to include the name of the sender on the back of the PS Form 3811 (the "green card") as: "Clerk, United States District Court, Southern District of Ohio" at the appropriate address. *Id.*

8

by placing it in the institutional mail.[5] Plaintiff "signed" the summons form "U.D. [under duress] McDowall."

The Court's August 31, 2015 Order warned Plaintiff in the strongest possible terms (including underlining and bolding the font of the warning) that his failure to comply with the order would be "<u>likely to result in the recommended dismissal of this action</u>."  In the Court's October 8, 2015 Order to Show Cause, the undersigned reiterated the prior warnings and added:

> The fault for this case being more than a year old without proper service rests with Plaintiff alone.  The undersigned appreciates that Plaintiff files a multitude of documents frequently with this Court, but that does not preclude dismissal for failure to prosecute, because Plaintiff has repeatedly failed to comply with straightforward directives of this Court concerning service.  See *Jourdan v. Jabe*, 951 F.2d at 109 (dismissing for failure to comply with "readily comprehended court deadlines," reasoning that dismissal is appropriate "when a pro se litigant has engaged in a clear pattern of delay" and concluding that the relaxed pleading standard does not apply to "straightforward procedural requirements that a layperson can comprehend.").  While the undersigned would be well within settled law to recommend dismissal of Plaintiff's lawsuit at this stage, given the repeated extensions of time beyond the 120 days allotted for service, the undersigned will once more exercise discretion and permit Plaintiff one last BRIEF opportunity to show cause why this case should not be dismissed for failure of service and lack of prosecution.

(Doc. 71).

In response to the Order to Show Cause, Plaintiff filed on October 16, 2015 a document that he has captioned as a "Certificate of Service."  For the same reasons previously articulated, Plaintiff's "certificate" does not comply with the Court's very express directives for service by mail through the Clerk of Court.  Instead, Plaintiff represents that he most recently served Defendant Distel "by mail," although the

---

[5] It is unclear whether Plaintiff included a copy of his complaint and/or the amendment to the same, but regardless, such service was defective as a matter of law.

9

attached summons also suggests that he "personally served the summons" on Defendant Distel on October 13, 2015.

Plaintiff's alleged attempt at "personal" service and/or service by his own attempt at direct (institutional or postal) mail is ineffectual to remedy the defect, for the reasons previously described and reiterated at length above. Moreover, Plaintiff has made no attempt to show cause why this case should not be dismissed based upon his failure to comply with the Court's August 31, 2015 Order. Plaintiff was expressly required to show cause in the October 8, 2015 Order; in fact, the undersigned took care to explain to Plaintiff that "any belated compliance with the August 31, 2015 Order and/or Plaintiff's belated return of the summons and copies of Plaintiff's complaint and amended complaint(s) for mailing by the Clerk via certified <u>mail will not excuse Plaintiff's failure to show cause as specified in paragraph 1 of this Order</u>." (Doc. 71 at ¶2).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** the lone remaining claim in this case be **DISMISSED with prejudice**, based upon Plaintiff's repeated failure to achieve timely service under Rule 4(m), his repeated failure to comply with the express orders of this Court, and his failure to prosecute.

                         *s/ Stephanie K. Bowman*
                         Stephanie K. Bowman
                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL JOSEPH MCDOWALL,

  Plaintiff,

  v.

COLE DISTEL, et al.,

  Defendants.

Case No. 1:14-cv-780

Beckwith, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).